UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ABULUALKAIR ALKHATEEB,

    Plaintiff,

                          Case No. 12-15145
v.                      HON. TERRENCE G. BERG

GENERAL ELECTRIC COMPANY,

    Defendant.
_____/

**ORDER DENYING MOTION
TO ALTER OR AMEND JUDGMENT (DKT. 22)**

This case was dismissed on May 7, 2013, when the Court granted Defendant General Electric Company's Motion to Dismiss the Complaint and Compel Arbitration (Dkt. 19). Plaintiff Abulualkair Alkhateeb now moves, pursuant to Federal Rule of Civil Procedure 59(e), for alteration and amendment of that Order. For the reasons that follow, Plaintiff's Motion is DENIED.

## I. PROCEDURAL HISTORY

Following the Order of dismissal of May 7, 2013, the Court received several *ex parte* communications from Plaintiff. Those communications both expressed a desire to represent himself in the case going forward, and raised concerns as to the accuracy of statements made by counsel during the May 6, 2013 hearing. The Court notified all parties of Mr. Alkhateeb's communications by way of an Order dated May 9, 2013 (Dkt. 21). That Order provided, in part, that if Mr. Alkhateeb believed a fraud was perpetrated against the Court, such that the Court's ruling on

Defendant's motion to dismiss should be reconsidered, then such allegations should be raised by way of a properly-filed motion, served upon all parties.

On May 21, 2013, attorney Richard Meier filed the instant motion.[1] The motion stated, in part, "Defense counsel has indicated that because of the time limits of the RESOLVE process that plaintiff may in fact not have any remedy under this courts [sic] May 7, 2013 order." (Dkt. 22, Pl.'s Mot. 6). In order to provide Defendant with an opportunity to respond to Plaintiff's characterization of the parties' apparent communications, the Court entered an Order Requiring Response on June 28, 2013 (Dkt. 24).[2] Defendant filed a response on July 8, 2013 (Dkt. 25).

Pursuant to Eastern District of Michigan Local Rules 7.1(f) and 59.1, this motion will be determined without oral argument.

## II. LEGAL STANDARD

A district court may grant a Federal Rule of Civil Procedure 59(e) motion to alter or amend a judgment only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *Besser v. Sepanak*, 478 Fed. Appx. 1001 (6th Cir. 2012), *citing GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

---

[1] Given Plaintiff's previously-communicated desire to represent himself, *see* Dkt. 21, and the fact that the case has already been dismissed, *see* E.D. Mich. LR 83.25 (b)(1)(A) ("An Attorney's appearance continues until entry of—a final order or judgment disposing of all claims by or against the party the attorney represents"), it was unclear at the time this motion was filed whether Mr. Meier was, in fact, still authorized to represent Mr. Alkhateeb. On June 4, 2013, Mr. Meier filed a letter from Mr. Alkhateeb (Dkt. 23), informing the Court both that he had been conditionally reinstated as Mr. Alkhateeb's counsel, and that he had obtained authorization to file this motion.
[2] Under Eastern District of Michigan Local Rule 59.1, "No response to a motion to alter or amend a judgment and no oral argument are permitted unless the court directs otherwise."

### III. ANALYSIS

Plaintiff's motion does not allege any clear error of law, *newly discovered* evidence, or intervening change in controlling law. Instead, Plaintiff contends that in this case, the "Court was mislead [sic] by the rendition of the facts, and that with the full factual rendition a different result to Defendant's Motion to Dismiss would be issued by this court," and that the "consideration of this evidence will prevent a manifest injustice." (Dkt. 22, Pl.'s Mot. 1-2).

The Court has carefully reviewed the factual rendition contained in Plaintiff's motion to alter or amend the judgment. The facts presented recount Plaintiff's version of his experience with Defendant's RESOLVE program for adjudicating employment disputes. On its face, the motion does not identify any particular facts or circumstances sufficient to constitute a "manifest injustice." Plaintiff's request for reconsideration is based solely on the following, unsupported assertion: "Defense counsel has indicated that because of the time limits of the RESOLVE process that plaintiff may in fact not have any remedy under this court's May 7, 2013 order." (Dkt. 22, Pl.'s Mot. 6). Plaintiff appears to be suggesting that, although the Court ordered the parties to pursue the RESOLVE dispute resolution process, the "time limits" of that process might effectively foreclose Plaintiff from pursuing it.

In its response, Defendant states unequivocally that the RESOLVE process is in fact going forward at this time, in accordance with the Court's Order. (*See* Dkt. 25, Def.'s Resp. 1).

In light of Defendant's response, the Court is unable to discern how leaving the May 7, 2013 Order undisturbed would prevent Plaintiff from obtaining the relief to which he is contractually entitled. No manifest injustice has been shown to have occurred as a result of the Court's order. The Defendant has agreed to proceed with the RESOLVE program, and that process is now under way. Indeed, once it became clear to Plaintiff that Defendant was going forward with the RESOLVE process and that Plaintiff's asserted ground for reconsideration (that "time limits" would bar him from the RESOLVE process) was inconsistent with reality, it is unclear why Plaintiff did not withdraw this motion.

Under the Court's May 7, 2013 Order, this complaint was dismissed and the case remains closed. The filing of any additional motions in this case would be patently frivolous, and counsel is advised to be governed accordingly.

## IV. CONCLUSION

Therefore, it is **ORDERED** that Plaintiff's Motion to Alter or Amend Judgment (Dkt. 22) is **DENIED**.

Dated: August 1, 2013
s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically submitted on August 1, 2013, using the CM/ECF system, which will send notification to all parties.

s/A. Chubb
Case Manager